

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: May 01, 2018.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 13-53476 |
| AARON REN SALAS AND | § | |
| BARBARA SOPHIA SALAS, | § | Chapter 13 |
|     DEBTORS | § | |
| | § | |
| NATIONSTAR MORTGAGE LLC, | § | |
|     MOVANT | § | |
| | § | |
| VS. | § | |
| | § | |
| AARON RENE SALAS AND BARBARA | § | |
| SOPHIA SALAS, DEBTORS, AND MARY | § | |
| K VIEGELAHN, TRUSTEE | § | |
|     RESPONDENTS | § | |
| | § | |
| | § | |
| | § | |

**AGREED ORDER MODIFYING STAY**

Came on before the Court for consideration the Motion For Relief From Stay Of Act Against Property filed by **NATIONSTAR MORTGAGE LLC** and Debtors' response. Movant

1

and Debtors both appeared. The Court conditionally modifies the Automatic Stay of 11 U.S.C. §362 as follows:

The parties stipulate that on May 25, 2006, Aaron R. Salas and Barbara S. Salas executed a Note, hereinafter referred to as the "Note," in the original principal amount of $93,600.00. Movant is currently the owner of the Note. Concurrently with the execution of the Note, the Debtors, Aaron R. Salas and Barbara S. Salas executed a Security Instrument, hereinafter referred to as the "Security Instrument," securing repayment of the Note encumbering the Property described below.

The parties further stipulate that the amount of the post-petition arrearage due on the Note, through and including the April 1, 2018 post-petition payment, including late charges, attorney's fees and costs is $3,712.36, hereinafter referred to as the "Arrearage", which consists of payments from February 1, 2018 through March 1, 2018 at $969.58 each and payment for the month of April 1, 2018 at $1,006.91, less suspense in the amount of $83.71, with attorney's fees and costs of $850.00.

**IT IS THEREFORE ORDERED** that, pursuant to the terms of the Note, Debtor shall disburse directly to Movant, timely when due, each monthly installment that becomes due on May 1, 2018 and thereafter. The monthly payment in regard to the Note is currently in the amount of $1,006.91. This amount is subject to change according to the terms of the Note and Security Instrument.

**ORDERED** that the Debtors shall pay to Movant, in addition to the regular monthly installments due on the Note, in certified funds, the amount of $464.36, on or before May 15, 2018, and continue to pay $464.00 on or before the 15th day of the month thereafter, through and including December 15, 2018. Such amounts shall be applied to post-petition Arrearage, as referenced above.

**ORDERED** that Debtor shall make all Trustee payments according to the Plan. Debtor shall keep all Trustee payments current.

**ORDERED** that the above-referenced mortgage installments and additional payments to bring arrearages current shall be made to the mortgage company at the following address:

Nationstar Mortgage LLC
Attn: Bankruptcy Dept.
P.O. Box 619094
Dallas, Texas 75261-9741

Debtor is Ordered to place the entire loan number on the face of the check.

**ORDERED** that if Debtor defaults on any of the terms of this Order, Movant shall mail notice of the default to Debtor by certified mail, return receipt requested, and by regular mail. Movant is entitled to charge and collect $~~$100.00~~ $450.w A♪P in attorney's fees plus costs for the Notice of Default and Certificate of Default. Unless Debtor cures the default within ten (10) days of the date Movant mails the notice, the Automatic Stay of 11 U.S.C. §362 shall be and is hereby ordered lifted with respect to Movant, its assignees and/or successors in interest. Debtor is only entitled to two notices of default. Upon the third default by the Debtor to remit any of the payments referenced above or the failure of the Debtor to timely cure the first or second notice of default, the Automatic Stay of 11 U.S.C. §362 shall be ordered lifted with respect to Movant without further notice to Debtor. If Debtor defaults under the terms of this Order and the automatic stay is lifted, Movant, and its assignees and/or successors in interest, shall be excepted from the Automatic Stay and authorized to enforce its lien and to pursue its statutory and contractual remedies to gain possession of the following described real property:

LOT 12, BLOCK 5, NEW CITY BLOCK 16587, RAINTREE SUBDIVISION, UNIT 2B, IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT OF RECORD IN VOLUME 9504, PAGE 219, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

Also known as:
**6923 Raintree Path, San Antonio, Texas 78233**

**ORDERED** that in the event this case is converted to a case under a different Chapter of the Bankruptcy Code, the automatic stay shall lift as to Movant, as long as the Property is exempt, and any and all arrearages owed to Movant by Debtors shall become immediately due and payable.

**ORDERED** that Movant shall give notice to the Trustee immediately upon foreclosure and that Movant shall amend or withdraw its claim herein within twenty (20) days after foreclosure. Movant shall give notice to the Trustee upon the stay lifting and the Trustee shall cease payments on Movant's claim.

**ORDERED** that if the Property is foreclosed upon during the pendency of this bankruptcy case, any excess proceeds from such sale after payment of existing liens, including the lien held by Movant, its successors in interest and assigns, remitted to the Debtor, rather than to the Trustee, shall be disclosed by the Debtor with amended schedules to be filed within fourteen (14) days of receiving any funds from the sale. The Trustee reserves the right to seek determination from the Court that such funds are a post-petition asset of the Estate.

**ORDERED** that in the event this case is dismissed, this Order shall be deemed null and void and neither party shall be bound by its terms.

**ORDERED** that, upon termination of the automatic stay for any reason whatsoever, the requirements of Rule 4001(a)(3) shall be waived.

Otherwise, the Automatic Stay of 11 U.S.C. §362 shall remain in effect.

# # # END OF ORDER # # #

\* The signature of Movant's counsel shown below is an affirmative representation to the Court that Movant has complied with Bankruptcy Rule Number 4001.

APPROVED AS TO FORM AND SUBSTANCE:

*HARVEY LAW GROUP*

/s/ *Esther Gonzales*
Kelly J. Harvey
SBN: 09180150
Esther Gonzales
SBN: 24012708
P.O. Box 131407
Houston, Texas 77219
Tel. (832) 922-4000
Fax (832) 922-6262
Attorneys for Movant

_____
J. Todd Malaise
909 NE Loop 410, Suite 300
San Antonio, TX 78209
Tel. (210) 732-6699
Fax : (210) 732- 5826
Attorney for Debtor

_____
Chapter 13 Trustee
Mary K Viegelahn
10500 Heritage Blvd Suite 201
San Antonio, TX 78216
Tel. (210) 824-1460
Fax (210) 824-1328
Trustee

David Van Zyl
P39875
Staff Attorney

5